MERRIAM and another, Appellants, vs. HORNER, Respondent.

*March 12 — March 27, 1896.*

*Practice: Substitution of defendant after answer: Statutes construed.*

1. Sec. 2610, R. S., providing for the substitution of another person in place of the defendant in certain cases, is a remedial statute and should be liberally construed.

2. In an action for the conversion of personal property, brought by persons claiming to own a half interest therein and who claim to recover therefor a sum not exceeding the amount remaining due from the defendant on the purchase of the property from another person, such other person may be substituted in place of the defendant, under sec. 2610, R. S., since in substance, if not strictly in form, both he and the plaintiffs claim the same debt from the defendant.

3. Though sec. 2610, R. S., only authorizes the substitution of another person in place of the defendant upon application before answer, the court may, under sec. 2831, in a proper case, in its discretion, for good cause shown, order such substitution upon an application made after answer.

APPEAL from an order of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

The defendant bought a quantity of pine saw logs from one George B. Early, for which he was indebted to him in a large sum. He sold the logs and had the money in hand to pay Early. The plaintiffs claim to own a one-half interest in the logs, and bring this action to recover its value. The sum claimed by them does not exceed the sum due from the defendant to Early. The defendant answered the plaintiffs' complaint, denying their title, on November 2, 1894. On May 27, 1895, he moved for the substitution of Early as defendant in his stead, and for his discharge from further liability to the plaintiffs upon his paying into court the sum which was due from him to Early, with costs. The court granted the order making the substitution. The appeal is from that order.

For the appellants there was a brief by *Bleekman, Bloomingdale, Reid & Bergh,* and oral argument by *Ray S. Reid.* They cited *Baxter v. Day,* 73 Wis. 27; *Chapman v. Forbes,* 123 N. Y. 532; *Clark v. Mosher,* 107 id. 118.

*George H. Gordon,* for the respondent.

NEWMAN, J. No doubt, it is competent for the court to grant the order of substitution after answer, in a proper case, in its discretion, for good cause shown. Sec. 2831, R. S., is ample authority. The power given is general and comprehensive. The statute is remedial, and to be favorably construed. The statute (R. S. sec. 2610)[1] which provides for

---

[1] Sec. 2610, R. S., provides, among other things, as follows: "A defendant against whom an action is pending upon a contract, or for specific real or personal property, or for the conversion thereof, may, at any time before answer, upon affidavit that a person not a party to the action, and without collusion with him, makes against him a demand for the same debt or property, upon due notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount of the debt, or delivering the property or its value to such person, as the court may direct; and the court may in its discretion make the order."— REP.

the substitution of defendants in a proper case is also re-medial, and is to be liberally construed, so as to bring within the remedy provided all cases, fairly within its terms, in which this remedy can be beneficially applied. The affidavit shows a case which is strictly within the terms of the stat-ute; and doubtless the case is, in its facts, within the fair intention of the statute. In substance at least, if not strictly in form, the appellants and Early claim the same debt from the respondent.

*By the Court.*— The order of the circuit court is affirmed.